On appellant's petition for review allowed July 23, petition dismissed as improvidently granted July 30, 1985

FOXE,
*Petitioner on Review,*

*v.*

M. T. CONTAINER TRANSIT, INC.,
*Respondent on Review.*

(16-82-00634; CA A32980; SC S31824)

703 P2d 975

Robert J. Guarrasi, Malagon & Associates, Eugene, for petitioner on review.

Denise G. Fjordbeck and Gary G. Norris, Jaqua, Wheatley, Gallagher & Holland, P. C., Eugene, for respondent on review.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Roberts and Carson, Justices.

PER CURIAM

## PER CURIAM

Plaintiff sustained an injury compensable under the Workers' Compensation Law. He obtained a certificate of a physician that he was able to return to his regular employment. That certificate is prima facie evidence that the worker is able to perform the duties of his regular employment. ORS 659.415(1). The employer refused to reinstate plaintiff.

Plaintiff filed a cause for damages for the refusal to reinstate. The trial court gave judgment for defendant, and the Court of Appeals affirmed without opinion. *Foxe v. M. T. Container Transit, Inc.,* 73 Or App 526, 698 P2d 1055 (1985).

We allowed review under the mistaken impression that the trial court had directed a verdict against the plaintiff on this cause.[1] Because ORS 659.415(1) makes the physician's certificate prima facie evidence of the worker's capacity to perform the duties of his regular employment, and because OEC 311(2) raises prima facie evidence to the stature of a presumption, we questioned whether the trial court could properly direct a verdict against the presumption.[2]

The trial court did not do so. The trial court denied defendant's motion for a "directed verdict"; it found on the evidence as a whole that the employer had not violated ORS 659.415.[3]

The petition for review is dismissed as having been improvidently allowed because of our mistake as to the state of the record.

---

[1] Plaintiff also claimed under ORS 659.410, which makes it an unlawful employment practice to discriminate against a worker for pursuing his rights under the Workers' Compensation Law. Although there was no jury trial, the trial court did allow defendant's motion for a "directed verdict" on this cause. The proper motion was for a judgment of dismissal, ORCP 54 B.(2). We did not allow review with any thought that the trial court had erred in this respect.

[2] OEC 308 provides:

"In civil actions and proceedings, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."

[3] Plaintiff also contended that his motion for a "directed verdict" on this issue should have been allowed. There was evidence from which the trier of fact could find that the presumption was overcome. We did not allow review to consider plaintiff's claim in this respect.